■ EDWARD C. MACK, Plaintiff, v. GREAT ATLANTIC & PACIFIC TEA CO., INC., Defendant and Third-Party Plaintiff-Respondent; ALLSTATE INSURANCE COMPANY, Third-Party Defendant-Appellant.— Judgment unanimously reversed on the law and facts, with costs, and third-party complaint dismissed, with costs. Memorandum: The finding of the trial court that notice of the accident was given by the representative of third-party plaintiff to third-party defendant " as soon as practicable " as required by the policy provision is contrary to the proof. Such representative did not use due diligence in 1960 to ascertain the name of the insurance carrier affording coverage to the truck being unloaded at the time of the accident by plaintiff in the main action. Proof of financial security must be furnished contemporaneously with the registration of a motor vehicle (Vehicle and Traffic Law, § 312) and any person may obtain a copy of the certificate of insurance from the Department of Motor Vehicles upon

payment of the legal fee (cf. 1942 Atty. Gen. 194). The lack of diligence on the part of the representative of third-party plaintiff is emphasized by the alacrity with which the required information was obtained and notice given to third-party defendant some two years later when the main action was commenced. (Appeal by third-party defendant from judgment of Erie Trial Term, adjudging that the third-party plaintiff have judgment against third-party defendant for any sum within the limitation of the coverage that may be recovered by plaintiff Mack.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.